United States District Court
Southern District of Texas
**ENTERED**
September 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| INSURANCE DISTRIBUTION CONSULTING, LLC, | § § § § § | |
| Plaintiff. | | |
| VS. | § § § | CIVIL ACTION NO. 3:20-CV-00096 |
| FREEDOM EQUITY GROUP, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

The central dispute in this case is whether a predecessor to Plaintiff Insurance Distribution Consulting, LLC ("IDC") and a predecessor to Defendant Freedom Equity Group, LLC ("FEG") entered into a binding and enforceable contract. In bringing this breach of contract and declaratory judgment lawsuit, IDC contends that the parties signed a valid agreement, and FEG should be required to abide by the contract's terms. FEG, on the other hand, fiercely argues that the alleged agreement is invalid and *void ab initio* because the signature of its representative on the purported contract is nothing but a forgery.

At this early stage in the proceedings, FEG asks me to dismiss the case under Rule 12(b)(6) or, in the alternative, grant summary judgment in favor of FEG. *See* Dkt. 21. Because I am confined by Rule 12(b)(6) to the pleadings and must accept as true the well-plead allegations that the parties entered into an enforceable agreement, dismissal of the breach of contract claim at this juncture is not appropriate. As far as the motion for

summary judgment is concerned with respect to the breach of contract claim, it is premature for me to even consider such a motion before the parties have been given an opportunity to conduct discovery into the merits. Although I do believe IDC has sufficiently alleged a declaratory judgment action, I conclude that IDC's claim for attorney's fees is barred as a matter of law. Accordingly, I recommend that FEG's Motion to Dismiss for Failure to State a Claim Or, Alternatively For Summary Judgment (Dkt. 21) be **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff's Amended Complaint alleges that Supreme Alliance LLC ("Supreme Alliance") agreed orally in 2012 to provide consulting services to Freedom Equity Group, Inc. ("Freedom Inc."). At some unspecified point in time, Supreme Alliance and Freedom Inc. allegedly entered into a written contract to confirm the business relationship between the two companies. Under the terms of the purported agreement, Freedom Inc. would compensate Supreme Alliance "for its efforts in securing and facilitating new business relationships for [Freedom Inc.] and ensuring that [Freedom Inc.] received as much compensation as possible." Dkt. 16 at 4.

The alleged contract, attached to the Amended Complaint, has two signature blocks—one for "Supreme Alliance LLC" and the other for "Ronald Bloomingkemper," the "Chairman & CEO" of "Freedom Equity Group Inc." Dkt. 16-1. There are executed signatures on both signature lines:

> Sincerely,
>
> [signature]
>
> Supreme Alliance LLC
>
> Accepted by:
>
> Freedom Equity Group, Inc.
>
> [signature]
>
> Ronald Bloomingkemper
> Chairman & CEO

*Id.*

According to the operative complaint, FEG and IDC are the successors-in-interest to the contract. This is because Freedom Inc. went through a corporate restructuring and became FEG, while Supreme Alliance assigned its interest in the contract at issue to IDC. IDC avers that the parties performed under the terms of the agreement for several years until, just recently, FEG failed to pay the full amounts due and owing. IDC claims that FEG's counsel sent a letter on May 6, 2020, purporting to terminate the contract between FEG and IDC. IDC asserts a cause of action for breach of contract and asks the Court for a declaration that "the contract between FEG and IDC is valid and enforceable and that FEG is obligated to make payments to IDC." Dkt. 16 at 7. In addition to monetary damages, IDC seeks attorney's fees under Section 38.001 of the Texas Civil Practice & Remedies Code.

As noted, FEG has filed a Rule 12(b)(6) motion to dismiss or, in the alternative, a motion for summary judgment. The thrust of FEG's argument is that the alleged contract

is a forgery, and the district court should dismiss this breach of contract case before any discovery takes place. FEG submits a number of documents outside the pleadings to support its claim that its Chairman and Chief Executive Officer, Ronald Bloomingkemper ("Bloomingkemper"), did not sign the alleged contract.

I will first address the Rule 12(b)(6) motion on the breach of contract claim and then tackle the summary judgment motion on the same claim. I will then turn to the declaratory judgment action and, finally, take up the claim for attorney's fees.

### RULE 12(b)(6) MOTION TO DISMISS BREACH OF CONTRACT CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, IDC must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the plaintiff's complaint, and should not be used to resolve factual issues or the merits of the case. *See In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (It is the responsibility of the district court at the Rule 12(b)(6) stage to decide "whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.").

In considering a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro*

4

*Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

In this case, IDC easily satisfies its Rule 12(b)(6) burden on the breach of contract claim. In essence, IDC alleges that its predecessor entered into a contract with FEG and FEG breached the contract by failing to pay IDC amounts it had earned under the agreement. These "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation and footnote omitted).

Tellingly, FEG does not complain about any deficiencies in the operative complaint. Instead, at this early stage of the proceedings where I am required to evaluate the sufficiency of the pleadings, FEG asks me to look far beyond the pleadings and make a factual determination that the alleged agreement is a forgery. To do this, FEG attaches to its motion to dismiss (1) the declaration of Bloomingkemper; (2) FEG's operating agreement; (3) the declaration of FEG's counsel attempting to prove up a document; and (4) the declaration of Michael Jones ("Jones"), the sole member and manager of IDC, from a lawsuit filed in federal court in California. FEG actually wants me to review Bloomingkemper's signature on FEG's operating agreement, compare it with the signature on the alleged contract, and make a factual finding that Bloomingkemper did not sign the agreement at issue. Similarly, FEG asks me to review Jones's signature on a declaration from a California lawsuit, compare it to the contract in dispute, and conclude

that Jones did not sign the disputed contract.[1] What FEG is asking me to do is wholly inappropriate since I am generally prohibited from considering information outside the pleadings at the Rule 12(b)(6) phase. The Fifth Circuit has made it abundantly clear on numerous occasions that a district court deciding a Rule 12(b)(6) motion may rely only upon the complaint, its attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

If matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion and I do not exclude them, I must treat the motion as one for summary judgment, made pursuant to Rule 56. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Young v. Biggers,* 938 F.2d 565, 568 (5th Cir. 1991) ("Because [defendants] submitted matters outside the pleadings with their motion to dismiss or in the alternative for summary judgment, the district court properly characterized that motion as a motion for summary judgment."). Accordingly, I recommend that FEG's Rule 12(b)(6) motion be denied with respect to the breach of contract claim. I now need to consider whether summary judgment is appropriate on the breach of contract cause of action.

---

[1] The Amended Complaint states that Jones executed the agreement on behalf of Supreme Alliance. In its response to FEG's motion, IDC acknowledges that statement is incorrect. IDC now claims that Jones authorized his wife to sign the agreement on behalf of Supreme Alliance, and she did so. To ensure there is no confusion in the future, I give IDC leave to amend its complaint to clarify who allegedly signed the contract on behalf of Supreme Alliance.

## RULE 56 MOTION FOR SUMMARY JUDGMENT ON BREACH OF CONTRACT CLAIM

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hawes v. Stephens*, 964 F.3d 412, 415 (5th Cir. 2020) (quoting FED. R. CIV. P. 56(a)). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

FEG asks me to grant summary judgment in its favor on the breach of contract claim, arguing that the summary judgment evidence conclusively establishes that the purported agreement is a forgery. In support, FEG directs me to the Bloomingkemper declaration, where FEG's Chairman and Chief Executive Officer emphatically states that the signature on the purported agreement is not his John Hancock. In response, IDC maintains that Bloomingkemper's signature is on the agreement. At a bare minimum, IDC argues that there is competent summary judgment evidence creating a genuine issue of material fact. IDC's representative, Jones, says in his declaration that he is "very familiar" with Bloomingkemper's signature as a result of a long business relationship with FEG's leader. Dkt. 22-1 at 3. "I recognize the signature on the agreement, and it is [Bloomingkemper's]," Jones swears under oath. *Id.* Separately, IDC objects to FEG's motion for summary judgment as being premature, and requests permission to conduct reasonable discovery before the Court considers the summary judgment motion.

At this time, I need not address the merits of FEG's summary judgment motion. I find that the summary judgment motion must be denied because it is premature at this early stage of the case, before the parties have engaged in any discovery surrounding the alleged agreement's execution. Summary judgment is usually premature unless the parties have "had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257. *See also Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) ("Summary judgment assumes some discovery."); *Ala. Farm Bureau Mut. Ca. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment should not . . . ordinarily be granted before discovery has been completed."). Because granting summary judgment is improper when basic discovery has not been completed, I do not doubt that, even if I thought summary judgment was appropriate at the present time, the Fifth Circuit would reverse that ruling faster than a Nolan Ryan heater. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355–56 (5th Cir. 1989) (finding that the district court abused its discretion by granting a motion for summary judgment when the plaintiff had not been allowed to conduct any discovery at all).

Rule 56(d) allows a district court to deny or continue a summary judgment motion so that a party might have additional time to gather evidence to oppose the motion. *See* FED. R. CIV. P. 56(d). To seek relief under Rule 56(d), the party must submit an affidavit or declaration explaining why the party cannot present facts essential to justify its opposition. *See id.* Motions under Rule 56(d) are "'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Raby v. Livingston*,

8

600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted). *See also Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) ("Given the precautionary nature of the rule, these requests ordinarily are treated and reviewed liberally."). This case is a poster child for relief under Rule 56(d). Filed just a few months ago, this lawsuit is at its infancy, and the facts are too undeveloped to make the necessary factual findings with any certainty. IDC has submitted the declaration of its counsel, explaining that "[t]he first that we learned that [FEG] contends that Mr. Bloomingkemper did not sign the agreement that forms the basis of this controversy was when [FEG] filed its motion to dismiss." Dkt. 22-17. IDC's counsel further explains: "We have had no opportunity to obtain discovery on this issue. Handwriting experts generally require original signatures in order to perform a thorough analysis. We have no original signatures of Mr. Bloomingkemper." *Id.* There is no reason we need to be in a rush to summary judgment. Only after IDC is given sufficient time to conduct the necessary discovery will it be appropriate for the district court to decide whether a genuine issue of material fact exists. Accordingly, FEG's motion for summary judgment on the breach of contract claim should be denied as premature.

## DECLARATORY JUDGMENT CLAIM

As noted, IDC seeks a declaration that "the contract between FEG and IDC is valid and enforceable and that FEG is obligated to make payments to IDC." Dkt. 16 at 7. FEG requests that IDC's declaratory judgment claim be dismissed under Rule 12(b)(6), claiming that it is duplicative of the breach of contract claim.

9

Although some courts have admittedly utilized their discretion to dismiss a declaratory judgment action when there is a parallel breach of contract action pending, I am reluctant to do so. Federal Rule of Civil Procedure 57 specifically provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FED. R. CIV. P. 57. Additionally, the Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. There is thus no rule nor statute I am aware of that prevents a plaintiff from seeking both monetary relief for breach of contract and a declaratory judgment as to the parties' rights and obligations under the agreement. *See Republic Servs., Inc. v. Tex. Ecological Servs. Inc.*, 118 F. Supp. 2d 775, 777 (S.D. Tex. 2000) ("The Court finds no reason not to give Plaintiff its desired declaration of rights under the contract, if Plaintiff wants such and is justly entitled to it, simply because it has also filed a breach of contract action.").

The purpose of a declaratory judgment is to clarify the rights and obligations of the parties so as to relieve them of uncertainty as they anticipate the future. *See Chevron USA, Inc. v. Traillout Oil Co.*, 987 F.2d 1138, 1154 (5th Cir. 1993). Here, IDC seeks not only to recover monetarily for breach of contract damages allegedly suffered in the past, but also asks for a declaratory judgment to define the parties' future rights under the alleged agreement. Given that IDC contends that the contractual agreement between the parties continues in effect in the future, a declaratory action claim seems particularly

appropriate. I, therefore, recommend that IDC be permitted to proceed to discovery on its declaratory judgment claim.

## IDC'S CLAIM FOR ATTORNEY'S FEES UNDER SECTION 38.001

IDC seeks attorney's fees under Section 38.001 of the Texas Civil Practice & Remedies Code. Section 38.001 enables a plaintiff to "recover reasonable attorney's fees from an individual or corporation" if the claim is for "an oral or written contract." TEX. CIV. PRAC. & REM. CODE. § 38.001. FEG moves for summary judgment, arguing that the statute does not authorize a prevailing plaintiff to recover attorney's fees from a limited liability company like itself. FEG is correct. Both state and federal courts in the State of Texas have consistently held that under the plain language of Section 38.001, a trial court cannot order limited liability companies to pay attorney's fees. *See PEG Bandwidth TX, LLC v. Texhoma Fiber, LLC*, 299 F. Supp. 3d 836, 848 (E.D. Tex. 2018); *CBIF Ltd. P'ship v. TGI Friday's Inc.*, No. 05-15-00157-CV, 2017 WL 1455407, at *25 (Tex. App.—Dallas Apr. 21, 2017, pet. denied); *Alta Mesa Holdings, LP v. Ives*, 488 S.W.3d 438, 452–53 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Backed into a corner grasping for air, IDC tries a desperation punch. Because IDC could recover attorney's fees under Section 38.001 against the original party to the agreement, Freedom Inc. (a corporation), IDC claims that it should be entitled to recover attorney's fees against the successor-in-interest, FEG. IDC's argument conveniently overlooks the statutory mandate of Section 38.001, which provides that attorney's fees for breach of contract actions are only recoverable against individuals and corporations. Make no bones about it: IDC is asking to recover attorney's fees from a limited liability

11

company. There is simply no statutory language, nor any case law, remotely suggesting that a limited liability company can be ordered to pay attorney's fees under Section 38.001 if it is the successor-in-interest to a contracting party who would be liable for attorney's fees. I, therefore, recommend that IDC's claim for attorney's fees under Section 38.001 be dismissed.

## CONCLUSION

For the reasons explained above, I recommend that FEG's Motion to Dismiss for Failure to State a Claim Or, Alternatively For Summary Judgment (Dkt. 21) be **GRANTED in part and DENIED in part**. Specifically, I recommend that FEG's request to dismiss the breach of contract claim under Rule 12(b)(6) and Rule 56 be denied without prejudice. I also recommend that FEG's effort to get rid of the declaratory judgment action this early in the case be denied. I do, however, recommend that IDC's attorney's fees claim under Section 38.001 be dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 4th day of September 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE